IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| BYRON DONNELLE CLAY,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERIFF E. NEAL JUMP, M. MORALES, and GLYNN COUNTY DETENTION CENTER,<br><br>    Defendants. | CIVIL ACTION NO.: 2:23-cv-110 |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **DISMISS without prejudice** Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendant Glynn County Detention Center.[1] However, I **FIND** that Plaintiff's claims against the other Defendants may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendants Morales and Jump by separate Order.

**PLAINTIFF'S CLAIMS**[2]

Plaintiff is a pretrial detainee at Glynn County Detention Center. Doc. 1 at 6. Plaintiff filed his Complaint after Defendants placed him in isolation for an extended amount of time. Id.

---

[1]    Plaintiff has consented to the undersigned's plenary review. Doc. 5.

[2]    All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

at 8–9.  Following a suicide attempt, Plaintiff returned from the hospital on April 28, 2023, and was placed in isolation.  Id.  Plaintiff was removed from suicide precaution on May 2, 2023, and transferred to a different isolation cell.  Id.  Approximately 30 minutes after being transferred, Defendants informed Plaintiff he was placed back on suicide precaution and directed him to return to the padded isolation room.  Id.  On May 20, 2023, Plaintiff was transferred from the padded isolation room and placed in an isolation cell.  Id.

Since Plaintiff has been in isolation, he has not received any recreation time outside of his room.  Id.  Plaintiff filed a grievance stating he has not received any recreation time.  Id.  Plaintiff received a response from Glynn County Detention Center officials stating they were working on it.  Id.  After not receiving any recreation time after the grievance response, Plaintiff filed another grievance regarding the issue.  Id.  Plaintiff received a similar response, stating officials would investigate the issue.  Id.  Plaintiff filed his Complaint, alleging Eighth Amendment and Fourteenth Amendment violations.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520

(1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

Plaintiff names Glynn County Detention Center as a Defendant.  Doc. 1.  In order to state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute.  Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).  While local governments qualify as "persons" under § 1983, penal institutions are generally not considered legal entities subject to suit.  See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Williams v. Chatham Cnty. Sherriff's Complex, Case No. 4:07-cv-68, 2007 WL 2345243 (S.D. Ga. August 14, 2007) ("The county jail, however, has no independent legal identity and therefore is not an entity that is subject to suit under Section 1983.").

Because Glynn County Detention Center is a county jail, it is not a "person" subject to suit under § 1983.  Hale, 50 F.3d at 1582.  For this reason, I **DISMISS** all claims against Glynn County Detention Center.

## CONCLUSION

For the foregoing reasons, I **DISMISS** Plaintiff's claims against Glynn County Detention Center. However, I **FIND** Plaintiff's claims against the other Defendants may proceed. Specifically, the Court will direct service of Plaintiff's Eighth Amendment and Fourteenth Amendment claims against Defendants Morales and Jump by separate Order.

**SO ORDERED**, this 4th day of September, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA